USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/30/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK DE MICHELE,

                Plaintiff,

v.

CITY OF NEW YORK, COUNTY OF
WESTCHESTER, and DOES 1-20,

                Defendants.

ECF CASE

09 Civ. 9334 (PGG)

ORDER

PAUL G. GARDEPHE, U.S.D.J.:

        On April 27, 2010, the parties submitted a joint letter setting forth issues they wish this Court to resolve relating to the March 3, 2010 Civil Case Management Plan and Scheduling Order. (Dkt. No. 10)

        The parties disagree as to the order in which depositions should be taken. Plaintiff argues that his deposition should be taken after the depositions of Westchester County Detective Steven Fumoso and New York City Police Officers Roger DiCarlo and Andrew Nyberg, because he has already testified at a hearing held pursuant to New York General Municipal Law § 50-h. Defendant City of New York contends that its deposition of Plaintiff should be given priority because the City served its deposition notices long before Plaintiff served his deposition notices. Both the City and Defendant Westchester County argue that Plaintiff's deposition should be taken first because he bears the burden of proof in this action.

        The parties are likewise unable to agree as to the dates on which depositions will be taken.

        Lastly, the parties seek extensions of several discovery deadlines set forth in the Civil Case Management Plan and Scheduling Order.

"There are no priorities regarding the sequence of discovery under the Federal Rules of Civil Procedure." Baker v. Orleans County, No. 96 Civ. 0503 (JTE), 1997 WL 436703, at *1 (W.D.N.Y. July 21, 1997). Indeed, Federal Rule of Civil Procedure 26(d) provides that "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d). "'District courts are given reasonable latitude and discretion to establish a priority or to fashion an appropriate sequence of the discovery to be performed in each case.'" Rofail v. United States, 227 F.R.D. 53, 54 (E.D.N.Y. 2005) (quoting Baker v. Orleans County, No. 96 Civ. 0503 (JTE), 1997 WL 436703, at *1 (W.D.N.Y. July 21, 1997)).

Given that the City served its notice for Plaintiff's deposition first, that deposition will proceed first. Detective Fumoso and Police Officers DiCarlo and Nyberg will be deposed as soon as possible thereafter. It appears from the parties' letter that all counsel are available on May 13 and May 14, 2010. Accordingly, it is hereby ORDERED that Defendants will depose Plaintiff on May 13, 2010, and that Plaintiff will depose Detective Fumoso and Police Officers DiCarlo and Nyberg on May 14, 2010. In the event that the depositions of Fumoso, DiCarlo and Nyberg cannot be completed on May 14, 2010, they are to be completed on the next date that all counsel are available.

It is further ORDERED that Defendants' time to respond to Plaintiff's discovery demands is extended nunc pro tunc to April 28, 2010.

It is further ORDERED that the parties must complete fact discovery by June 30, 2010.

Dated: New York, New York
April 29, 2010

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge