UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANK DE MICHELE,

                Plaintiff,

                                        09 Civ 9334 (PGG) (HBP)

                -against-

CITY OF NEW YORK, COUNTY OF WESTCHESTER, TIMOTHY BUGGE, in his individual and official capacity as a Deputy Inspector in the New York City Police Department, DEODAT URPRASAD, in his individual and official capacity as a Captain in the New York City Police Department, ADAM MELLUSI, in his individual and official capacity as a Sergeant in the New York City Police Department, ROGER DiCARLO and ANDREW NYBERG, in their individual and official capacities as police officers in the New York City Police Department, WILLIAM T. McGUINNESS, in his individual and official capacity as a Sergeant in the Westchester County Department of Public Safety, BRIAN P. TIERNEY, GEORGE O. RUIZ, CHRISTIAN M. GUTIERREZ, MITCHELL B. SERL1N, CHRISTOPHER M. LIEBERMAN, MICHAEL N. BRADY and RICHARD E. PUCILLO, in their individual and official capacities as Police Officers in the Westchester County Department of Public Safety, and DOES 1-20, whose identities are not yet known,

                Defendants.

------------------------------------------------------------X

## COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56.1 of the Local Rules of the Federal Rules of Civil Procedure, defendants, County of Westchester, William T. McGuinness, in his individual and official capacity as a Sergeant in the Westchester County Department of Public Safety, Brian P. Tierney,

George O. Ruiz, Christian M. Gutierrez, Mitchell B. Serlin, Christopher M. Lieberman, Michael N. Brady and Richard E. Pucillo, in their individual and official capacities as Police Officers in the Westchester County Department of Public Safety ( hereinafter referred to as "County Defendants") by and through their attorney, Robert F. Meehan, Westchester County Attorney, by Fay Angela Jones, Sr. Assistant County Attorney, respectfully submit the following response and counter-statement of material facts contained in the Plaintiff's Response to County Defendants' Rule 56.1 Statement of Material Facts :

104.   Admitted for the purposes of this motion.

105.   Admitted for the purposes of this motion.

106.   Disputed. On January 18, 2009, the FLIR camera did not record images of the events pertaining to the Plaintiff's arrest, because it was not working at the time. Because of P.O. Brady's lack of experience at the time he was unable to resolve the problem with the camera. See Lieberman transcript page 54 lines 9-17, page 58 lines 20-25, page 59 lines 1-3 attached to the Jones Dec. as Exhibit "H".

107.   Disputed in part. P.O. Gutierrez placed his handcuffs on Plaintiff's right wrist with the assistance of other unidentified law enforcement personnel at the scene. See Gutierrez transcript page 35 lines 6-25 attached to the Jones Dec. as Exhibit "F".

108.   Admitted for purposes of this motion.

109.   Admitted for purposes of this motion.

110.   Admitted for purposes of this motion.

111.   Admitted for purposes of this motion.

112.   Admitted for purposes of this motion.

113. Admitted for purposes of this motion.

114. Disputed in part. Plaintiff testified that "mixed uniforms" escorted him out of the yard. See DeMichele transcript page 156 lines 16-22 page 160 lines 1-6 attached to the Jones Dec. As Exhibit "CC".

115. Disputed in part. Plaintiff testified that "mixed uniforms" escorted him out of the yard. See DeMichele transcript page 156 lines 16-22 page 160 lines 1-6 attached to the Jones Dec. as Exhibit "CC".

116. Disputed in part. Plaintiff testified that "mixed uniforms" escorted him out of the yard. See DeMichele transcript page 156 lines 16-22 page 160 lines 1-6 attached to the Jones Dec. as Exhibit "CC".

117. Admitted for purposes of this motion.

118. Admitted for purposes of this motion.

119. Admitted for purposes of this motion.

120. Admitted for purposes of this motion.

121. Admitted for purposes of this motion.

122. Denied as question of fact.

123. Admitted for purposes of this motion.

124. Disputed as question of fact and misleading. Plaintiff testified under oath that he did not see who picked him up by the handcuffs he wore. See DeMichele transcript page 156 lines 16-22, page 160 lines 1-6 attached to the Jones Dec. as Exhibit "CC".

125. Admitted for purposes of this motion.

126. Admitted for purposes of this motion.

127. Admitted for purposes of this motion.

128.   Admitted for purposes of this motion.

129.   Denied as misleading. The assertions made are not supported by the photographs produced, as no originals were ever produced, and as such this Court is unable to determine whether the conditions allegedly depicted in the photographs are true and accurate.

130.   Denied as misleading. The assertions made are not supported by the photographs produced, as no originals were ever produced, and as such this Court is unable to determine whether the conditions allegedly depicted in the photographs are true and accurate.

131.   Admitted for purposes of this motion.

132.   Deny knowledge or information sufficient to determine the truth or accuracy of the information contained herein.

133.   Deny knowledge or information sufficient to determine the truth or accuracy of the information contained herein.

134.   Admitted for purposes of this motion.

135.   Admitted for purposes of this motion.

136.   Admitted for purposes of this motion.

137.   Admitted for purposes of this motion.

138.   Admitted for purposes of this motion.

139.   Denied. Argumentative and misleading. No authority has been cited by Plaintiff and as such should be disregarded by the Court.

140.   Admitted for purposes of this motion.

141.   Admitted for purposes of this motion.

142.   Admitted for purposes of this motion.

143.   Admitted for purposes of this motion.

144. Admitted for purposes of this motion.

145. Denied. Sgt. McGuinnes denies having any knowledge of any other suspect, or of having informed Det. Fumuso of such. See McGuinness transcript page 280 lines 2-13 annexed to the Jones Dec. as Exhibit "DD".

146. Disputed. Question of fact. Sgt. McGuinnes had no information that indicated the need for any further investigation at that time. See McGuinness transcript page 119 lines 16-25, page 120 lines 1-9 annexed to the Jones Dec. as Exhibit "DD".

147. Admitted for purposes of this motion.

148. Disputed as question of fact. This statement is not supported by admissible proof, as it is unclear which photographs of the subjects were viewed.

149. Admitted for purposes of this motion.

150. Admitted for purposes of this motion.

151. Disputed as issue of fact exists.

152. Disputed as argumentative and misleading. Counsel should be well aware that a search warrant is needed to access the phone records of a suspect, and as such, there was no indication that this was necessary at the time of Plaintiff's arrest.

153. Admitted for purposes of this motion.

154. Admitted for purposes of this motion.

155. Admitted for purposes of this motion.

156. Admitted for purposes of this motion.

157. Admitted for purposes of this motion.

158. Admitted for purposes of this motion.

159. Disputed. P.O. Ruiz used soft hand techniques including cuff control when Plaintiff resisted arrest.

160. Denied. Plaintiff misquotes the testimony cited.

161. Denied. Plaintiff misquotes the testimony cited.

162. Disputed. Argumentative and not supported by the evidence cited.

163. Disputed. Argumentative and not supported by admissible evidence.

164. Denied. Irrelevant and misleading. There is no evidence before his Court that P.O. Gutierrez caused Plaintiff any injury.

165. Admitted for purposes of this motion.

166. Disputed. P.O. Ruiz used soft hand techniques including cuff control when Plaintiff resisted arrest.

167. Deny. Misleading as Plaintiff never identified any "police officers" from the County of Westchester as lifting him by the handcuffs.

168. Deny. Plaintiff never identified any of the named County Defendants as "police officers" who caused him any injury.

Dated: White Plains, New York
February 6, 2012

Fay A. Jones (3410)