UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FRANK DE MICHELE,

                Plaintiff,

-against-

CITY OF NEW YORK, COUNTY OF WESTCHESTER, TIMOTHY BUGGE, in his individual and official capacity as a Deputy Inspector in the New York City Police Department, DEODAT URPRASAD, in his individual and official capacity as a Captain in the New York City Police Department, ADAM MELLUSI, in his individual and official capacity as a Sergeant in the New York City Police Department, ROGER DiCARLO and ANDREW NYBERG, in their individual and official capacities as police officers in the New York City Police Department, WILLIAM T. McGUINNESS, in his individual and official capacity as a Sergeant in the Westchester County Department of Public Safety, BRIAN P. TIERNEY, GEORGE O. RUIZ, CHRISTIAN M. GUTIERREZ, MITCHELL B. SERLIN, CHRISTOPHER M. LIEBERMAN, MICHAEL N. BRADY and RICHARD E. PUCILLO, in their individual and official capacities as Police Officers in the Westchester County Department of Public Safety, and DOES 1-20, whose identities are not yet known,

                Defendants.

------------------------------------------------------------------------X

09 CV 9334 (PGG)(HP)

**PLAINTIFF'S OPPOSITION TO DEFENDANT WESTCHESTER'S R. 56.1 STATEMENT OF MATERIAL FACTS**

Plaintiff, FRANK DE MICHELE, by his attorneys, LAW OFFICE OF TODD J. KROUNER, hereby sets forth his objections and responses to the Statement of Material Facts pursuant to Local Rule 56.1, dated December 28, 2011 ("Westchester R. 56.1 Stmt., dated 12/28/11"), by the County of Westchester ("County"), William T. McGuinness, Brian P. Tierney, George O. Ruiz, Christian M. Gutierrez, Mitchell B. Serlin, Christopher M. Lieberman, Michael N. Brady and Richard E. Pucillo, in their individual and official capacities (collectively referred to herein as "Westchester Defendants"):

## GENERAL RESPONSES

1. Defendants' Rule 56.1 Statement of Material Facts contains supposed "facts" that are either: (1) not supported by admissible evidence; (2) not "facts" at all, but rather mere legal conclusions; (3) "supported" by citations to the record that do not support the alleged "fact;" and/or (4) completely immaterial to the issues in this case.

2. The term, "Immaterial," is defined as: tending to prove some fact that is not properly at issue.

3. The term, "DKI," is defined as: deny upon information and belief facts that are not capable of independent verification by Frank DeMichele.

4. The term, "Compound," is defined as: "factual" assertions that are not set forth in individually numbered paragraphs, but instead are compound. Individual Rules of Practice of United States District Court Judge Paul G. Gardephe, 4(A).

5. Plaintiff objects to the extent that the supposed "facts" are overbroad, non-descriptive and confusing.

6. Plaintiff objects to the extent that Defendants' Rule 56.1 Statement of Material Facts dated December 28, 2011, does not contain paragraphs numbered consecutively to those of the moving party. Instead, Defendants have restarted the numbering at "1." <u>Contra</u> Individual Rule of Practice 4(B) of United States District Court Judge Paul G. Gardephe.

SPECIFIC RESPONSES

The numbered paragraphs below correspond to the numbered paragraphs set forth in Westchester R. 56.1 Stmt., dated 12/28/11. Notwithstanding the general objections set forth above:

1. Deny. The citations to the record do not support the controverted assertion. Rather, the record merely reflects Sgt. McGuinness's testimony that he denied the conversation with Ms. Margaret Bonura (DeMichele), which Westchester Detective Steven Fumuso attributed to him. Moreover, since Det. Fumuso testified that Sgt. McGuinness told him that: "Mrs. DeMichele said the person you're looking for is upstairs or words to that effect," there is at least a question of fact for the jury. Deposition of Steven Fumuso, dated May 14, 2010 ("Fumuso Depo."), p. 139, lns. 10-12, a copy of which is appended to Pltnf. R. 56.1 Stmt., as Exhibit 23.

2. Deny. DKI. The citations to the record do not support the controverted assertion. Deny as the statement of Plaintiff's ex-girlfriend, Diana Brescia, concerning the purported statement of the police is inadmissible to prove the truth of the statement. See FRE 801(c). Object to the extent that this assertion is duplicative of paragraph 53 in Westchester's Rule 56.1 Statement of Material Facts, dated November 21, 2011 ("Westchester R. 56.1 Stmt., dated 11/21/11"). Notwithstanding the foregoing general and specific objections, Plaintiff avers that the question and answer referred to by Defendants states:

> Q. During the time that he [Plaintiff] was up against the wall, did you see whether or not he was like doing anything to resist being placed under arrest, if you will?

3

> A. No. They were yelling stop resisting and it's him. It's him. He wasn't doing a thing.

Excerpt of the deposition transcript of Diana Brescia, dated April 22, 2011, pp. 165-166, appended to the Declaration of Fay Angela Jones, Esq., dated December 27, 2011 ("Jones Dec., dated 12/27/11"), as Exhibit W.

3. Deny. Objection Compound. Object to the extent that this assertion is duplicative of paragraph 58 in Westchester R. 56.1 Stmt., dated 11/21/11. First, as to P.O. Serlin, he did not determine that Plaintiff had been an occupant of the vehicle followed by Westchester to Plaintiff's residence in the Bronx. See Plaintiff's Response to Defendant Westchester's R. 56.1 Statement of Material Facts ("Plntf. Resp. Westchester R. 56.1 Stmt."), ¶ 56 (P.O. Serlin could not recall the make and model of the vehicle that his canine partner used to obtain the scent.") Second, Plaintiff denies that Gracie indicated on him. Id., ¶ 58 (Plaintiff denies that Gracie indicated (jumped) on him.)

4. Objection compound. First, Plaintiff admits that he never mentioned during his deposition that he sustained an injury due to his handcuffs being "twisted." However, Plaintiff avers that he was never asked any question that would have elicited such a response. See Excerpt of the deposition transcript of Frank DeMichele, dated May 13, 2010, appended to Jones Dec., dated 12/27/11, as Exhibit Y. Second, as to Plaintiff's awareness that handcuffs were twisted by P.O. Ruiz, Plaintiff admits that at the time he did not know the identity of the individual who was twisting the handcuffs. However, Plaintiff avers that P.O. Ruiz has admitted that he exercised "cuff control" on Plaintiff. See also Deposition of Frank DeMichele, dated May 13, 2010, a copy of which is appended to Plaintiff's R. 56.1 Stmt. as Exhibit 7, p. 219, lns. 5-6 ("the handcuffs were

4

really tight"); Id., ln. 2 ("I was bleeding from my wrist"); Id., p. 140, ln. 15 ("I had scars from the handcuffs"). See also Deposition of George Ruiz, dated July 12, 2010, pp. 84-85, a copy of which is appended to Pltnf. R. 56.1 Stmt. as Exhibit 11 (P.O. Ruiz admitted that he "twist[ed] the handcuffs at a pressure point on the wrists.")

5. Admit.

6. Deny. Defendants did not "help" Plaintiff up from the ground when he fell by pulling him up by his handcuffs and tearing the labrum in his left shoulder. "I was picked up by my handcuffs. I was trying to get up myself but I guess I wasn't getting back up fast enough, so I felt an officer grab the handcuffs and pull. And that is when I was up on my fee 100 percent." DeMichele Depo. 5/13/10, p. 156, lns. 2-7, a copy of which is appended to Jones Dec. 12/27/11, as Exhibit Y. See also Report of Jerry A. Lubliner, M.D., F.A.O.O.S., dated May 11, 2011, a copy of which is appended to Plaintiff's Response to Defendant Westchester's R. 56.1 Statement of Material Fact, as Exhibit 4.

7. Object Compound. Deny. First, admit that P.O. Ruiz testified that he observed plaintiff thrashing his body back and forth. But aver that Plaintiff denied thrashing his body back and forth. In fact, Ms. Brescia testified that she did not see Plaintiff "turning, twisting or moving his body in any way." Excerpt of the deposition transcript of Diana Brescia, dated April 22, 2011, pp. 165-166, appended to Jones Dec., dated 12/27/11, as Exhibit W. Nor did she see Plaintiff "trying to move his hands," because "they had him. So, he couldn't resist even if he wanted to." Id. Second, Plaintiff denies that he was resisting arrest. Id. Third, Plaintiff denies that under any circumstance would a police officer be "required" to use cuff control. See Report of Walter Signorelli, Esq., dated July 29, 2011, ¶ 57, a copy of which was attached to the Certification of Diana M. Carlino, Esq.,

5

dated November 21, 2011, as Exhibit C.  <u>See also</u> Plaintiff's Memorandum Of Law In Support of Plaintiff's Motion For Partial Summary Judgment, dated November 21, 2011, pp. 23-26 (there were at least 15 police officers, a canine officer and a police helicopter present at the scene of Plaintiff's arrest; the yard where Plaintiff was placed in handcuffs was surrounded by a chain link fence; at the time of his arrest, Plaintiff was in his bare feet, wearing only his boxer shorts and a tank top; his hands and arms were restrained behind his back.)